**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **NIZAM UDDIN** | **CIVIL DOCKET NO. 1:26-CV-00722 SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WARDEN WINN CORRECTIONAL CENTER, ET AL** | **MAGISTRATE JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING

Petitioner Nizam Uddin,[1] a detainee in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement, files what he styles as a MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION FOR PRELIMINARY INJUNCTION, MOTION FOR EXPEDITED CONSIDERATION, MOTION TO ALTER OR AMEND JUDGMENT, and MOTION FOR "RE-SERVICE OF ECF NO. 19." [Docs. 22, 23].

### BACKGROUND

Petitioner filed this proceeding on approximately February 25, 2026, claiming that the Government has violated his right to substantive due process and violated the Immigration and Nationality Act by denying him a bond hearing.

On August 10, 2026, Magistrate Judge McClusky recommended denying and dismissing Petitioner's Petition without prejudice. [Doc. 19].

On August 19, 2026, Petitioner objected to the Report and Recommendation. [Doc. 20].

[1] Petitioner's "A Number" is 226-145-356.

On August 26, 2026, the Court adopted the Report and Recommendation and dismissed Petitioner's Petition without prejudice. [Doc. 21].

Petitioner filed the instant Motions on approximately September 24, 2026.

**Law and Analysis**

Petitioner first seeks a temporary restraining order and preliminary injunction to enjoin his removal. [Doc. 22]. The Court, however, lacks jurisdiction to enjoin Respondents from removing him while this proceeding is pending. Under 8 U.S.C. § 1252(g), this Court lacks jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to ... execute removal orders against any alien under this chapter." *See Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) ("The relief sought by Idokogi in the district court is connected 'directly and immediately' with the Attorney General's decision to commence removal proceedings against him. The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal.") (quoting *Humphries v. Various Federal USINS Employees,* 164 F.3d 936, 943 (5th Cir.1999)); *see generally Alvidres-Reyes v. Reno*, 180 F.3d 199, 201 (5th Cir. 1999).

Petitioner next seeks a copy of the Report and Recommendation and a copy of the docket sheet. [Docs. 22-3, 23-2]. It is plain from Petitioner's filing that he already received the Report and Recommendation and that he lodged specific objections to it. However, out of caution, his requests for these copies are granted.

Petitioner next seeks to alter or amend the Judgment, asking the Court to instruct Respondents to file another response. [Doc. 22-3]. But Petitioner does not

raise any new or valid arguments in support. Rather, he simply re-urges much of what he already argued in his earlier filings. Further, Petitioner seeks a "meaningful opportunity to understand and address the reasoning" in the Report and Recommendation, but he has already filed specific objections to the Report and Recommendation. He even concedes in the instant Motions that he "addressed the principal issues that could be identified" after he received the Report and Recommendation. [Doc. 23, p. 4]. His Motion in these respects is denied.

Petitioner similarly moves to re-open the proceeding "for the limited purpose of permitting re-service of" the Report and Recommendation. [Doc. 23-2]. As above, the Court will provide Petitioner another copy of the Report and Recommendation, but doing so does not require re-opening this proceeding. Otherwise stated, Petitioner provides no grounds on which to alter or amend the present Judgment under Federal Rules of Civil Procedure 59 or 60.

Finally, Petitioner asks the Court to "make clear" that his Petition was dismissed without prejudice. Later in the same Motion, he concedes that the "Judgment uses the combined phrase 'DENIED AND DISMISSED WITHOUT PREJUDICE' but does not identify which claims...." [Doc. 23, p. 4]. The Judgment herein dismissed Petitioner's entire Petition, which includes all of his claims, without prejudice. Petitioner is not therefore prohibited from: (i) filing a separate petition in the jurisdiction where he is detained when he files, and (ii) raising, for instance, a claim under *Zadvydas v. Davis* if he wishes.

For the reasons above,

IT IS HEREBY ORDERED that with the exception of Petitioner Nizam Uddin's request for copies of [Doc. 19] and the docket sheet, his Motions [Docs. 22, 23] are DENIED.

THUS, DONE AND SIGNED in Chambers on this 30th day of September 2026.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE